UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steve Lester, # 075259, | ) | C/A No. 4:11-2995-TMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Assistant Attorney General Karen C. Ratigan, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Steve Lester ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Assistant Attorney General Karen C. Ratigan ("Defendant") violated his constitutional right to due process. The Complaint should be dismissed based on immunity and failure to state a claim on which relief may be granted.

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

§ 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts

which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that Defendant is an Assistant Attorney General in South Carolina who has filed several documents in his state post-conviction relief ("PCR") cases.  Specifically, Plaintiff alleges that in 2008-CP-23-1261, one of his PCR actions, Defendant wrongfully signed a conditional order of dismissal without a judge's signature and that she was able to bring about the dismissal of his PCR action.  Plaintiff seems to allege that Defendant interfered with his access to a court deciding his case.  Plaintiff alleges that Defendant's conduct was fraud and misrepresentation by false swearing.  Plaintiff appears to allege that Defendant actually has dismissed two of his PCR applications, and he alleges that he has filed seven PCR actions.  Plaintiff alleges that Defendant violated his due process rights under the Constitution, and he seeks $200,000 from her and to be granted PCR relief.

## Discussion

Plaintiff's action for damages against Defendant is barred by the doctrine of prosecutorial immunity.  In South Carolina, the Attorney General is the chief prosecuting officer of the State of South Carolina.  *See* S.C. Code Ann., S.C. CONST Art. V, § 24 (1995).  The South Carolina Attorney General and the South Carolina Assistant Attorney Generals have absolute immunity from personal liability under 42 U.S.C. § 1983 because they are entitled to prosecutorial immunity for activities intimately associated with the judicial phase of the criminal process.  *See Williams v. Condon*, 553 S.E.2d 496 (S.C. App. 2001); *Garrett v. McMaster*, 7:07-2952-HFF-WMC, 2008 WL 3411673 (D.S.C. Aug. 11, 2008) (finding that the Attorney General and a former Assistant Attorney

General had prosecutorial immunity for conduct related to presenting the State's case). *Cf. Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities). A prosecutor's "protected activities include, but are not limited to, prosecutorial actions and decisions related to ancillary civil proceedings such as PCR actions." *Wilder v. Brooks*, C/A No. 3:08-3089-MBS-JRM, 2009 WL 291065, at *4 (D.S.C. Feb. 4, 2009), *appeal dismissed*, 332 F. A'ppx 899 (4th Cir. 2009). In this case, Defendant's alleged wrongful conduct relates to her filing documents in Plaintiff's PCR legal proceedings on behalf of South Carolina seeking to uphold his conviction. This alleged conduct is intricately related to the judicial process and to the State's involvement in upholding a conviction. *See Id.* (noting that in South Carolina the Attorney General's Office supplies attorneys who represent the State in PCR actions and those attorneys serve as prosecutors because they urge the PCR judge to uphold the criminal sentence under attack). Therefore, Defendant has absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Also, to the extent Plaintiff seeks to undermine the veracity of an order filed in his state court case, this court should abstain because such a finding would undermine the state court judgment. Moreover, Plaintiff's action fails to state a claim on which relief may be granted with respect to his request that this Court grant him PCR relief. This Court has jurisdiction under 28 U.S.C. § 2254 to grant habeas corpus relief to a state prisoner in certain circumstances. However, if Plaintiff is attempting to be released from prison by requesting PCR relief, release from prison is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas

corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Plaintiff's attention is directed to the important notice on the next page.**

|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| December 16, 2011 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).