IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steve Lester, ) | |
| ) | C/A No. 4:11-2995-TMC |
| Plaintiff, ) | |
| ) | |
| v.                ) | **OPINION & ORDER** |
| ) | |
| Assistant Attorney General Karen C. ) | |
| Ratigan, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff, Steve Lester ("Plaintiff"), a state prisoner proceeding *pro se* brings this action under 42 U.S.C. § 1983 alleging that the Defendant violated his constitutional right to due process. Plaintiff, an inmate at Perry Correctional Institution, filed this action *in forma pauperis* under 28 U.S.C. § 1915.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On December 16, 2011, Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation ("Report") recommending that the Complaint be dismissed without prejudice. (Dkt. # 12). The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 12 at 6). Petitioner filed objections to the Magistrate Judge's Report on December 28, 2011.  Dkt. # 14).

### Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the

Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Magistrate Judge recommended that the Complaint be dismissed without prejudice based on absolute immunity for prosecutors and for failure to state a claim. (Report at 1).

As noted above, Plaintiff filed objections to the Report which the Court has carefully reviewed. However, the Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition. The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit.

Accordingly, the court adopts the Report and incorporates it herein.  It is therefore

**ORDERED** that the Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

January 9, 2012
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.